UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
————————————————————————

CECIL SINGLETON, ET AL.,

                    Plaintiffs,          12 Civ. 8465 (JGK)
                                         12 Civ. 8948 (JGK)
          - against -                    13 Civ. 2172 (JGK)

KEVIN CLASH,                             OPINION AND ORDER

                    Defendant.
————————————————————————

JOHN G. KOELTL, District Judge:

     The plaintiffs, Cecil Singleton, S.M. ("John Doe"), and
Kevin Kiadii, each bring claims against the defendant, Kevin
Clash, pursuant to 18 U.S.C. § 2255(a).  All of the plaintiffs
allege that when they were minors, the defendant used a facility
or means of interstate commerce to persuade or induce them to
engage in sexual activity in violation of 18 U.S.C. § 2422.
John Doe also alleges that when he was a minor the defendant
transported him from Florida to New York with the intent to
engage in sexual activity in violation of 18 U.S.C. § 2423.  The
defendant moves to dismiss all of the claims pursuant to Rule
12(b)(6) of the Federal Rules of Civil Procedure on the ground
that they are barred by the statute of limitations, 18 U.S.C.
§ 2255(b).  For the reasons explained below the motions are
granted and the complaints are dismissed.

## I.

In deciding a motion to dismiss pursuant to Rule 12(b)(6), the allegations in the complaint are accepted as true, and all reasonable inferences must be drawn in the plaintiff's favor. McCarthy v. Dun & Bradstreet Corp., 482 F.3d 184, 191 (2d Cir. 2007). The Court's function on a motion to dismiss is "not to weigh the evidence that might be presented at a trial but merely to determine whether the complaint itself is legally sufficient." Goldman v. Belden, 754 F.2d 1059, 1067 (2d Cir. 1985). The Court should not dismiss the complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). While the Court should construe the factual allegations in the light most favorable to the plaintiff, "the tenet that a court must accept as true all of the allegations contained in the complaint is inapplicable to legal conclusions." Id.

When presented with a motion to dismiss pursuant to Rule 12(b)(6), the Court may consider documents that are referenced in the complaint, documents that the plaintiff relied on in bringing suit and that are either in the plaintiff's possession

or that the plaintiff knew of when bringing suit, or matters of
which judicial notice may be taken.  See Chambers v. Time
Warner, Inc., 282 F.3d 147, 153 (2d Cir. 2000); see also
Roseville Emps.' Ret. Sys. v. Energysolutions, Inc., 814 F.
Supp. 2d 395, 401 (S.D.N.Y. 2011).

"Where the dates in a complaint show that an action is
barred by a statute of limitations, a defendant may raise the
affirmative defense in a pre-answer motion to dismiss." Ghartey
v. St. John's Queens Hosp., 869 F.2d 160, 162 (2d Cir. 1989).


## II.

The following allegations are assumed to be true for the
purposes of this motion.

The defendant, Kevin Clash, is a resident of New York who
was born in 1960.  (Kiadii Compl. ¶¶ 2, 5.)  The plaintiffs each
allege that when they were minors, Clash engaged in sexual acts
with them in violation of 18 U.S.C. §§ 2422 and 2255.  John Doe
also alleges that Clash violated 18 U.S.C. § 2423.

### John Doe

John Doe is a Florida resident who was born in 1979.  (S.M.
Compl. ¶¶ 1, 8.)  In late 1995 or early 1996, while the
defendant was visiting Miami and Doe was looking for work, the
defendant befriended him.  (S.M. Compl. ¶¶ 9-10.)  At the time
of this initial encounter, Doe was sixteen or seventeen years

old.  (S.M. Compl. ¶ 9.)  The defendant returned home to New

York but spoke with Doe often over the telephone.  (S.M. Compl.

¶ 11.)  In early 1996, the defendant arranged for Doe to visit

him in New York. (S.M. Compl. ¶¶ 14-15.)  The defendant

purchased a plane ticket for Doe to fly from Miami to New York

and arranged for a driver to bring Doe from the airport to the

defendant's apartment.  (S.M. Compl. ¶ 15.)  Doe stayed with the

defendant for four days, during which time he and the defendant

engaged in a variety of sexual acts.  (S.M. Compl. ¶ 16.)  Doe

turned eighteen in 1997.

On December 10, 2012, sixteen years after the alleged

sexual acts and fifteen years after Doe turned eighteen, Doe

filed this action against the defendant.  Doe's complaint

alleges that the defendant's conduct violated 18 U.S.C. §§ 2422

and 2423, and these violations gave rise to claims under 18

U.S.C. § 2255.  (S.M. Compl. at 5-6.)  Doe alleges that because

he was not emotionally or psychologically prepared for a sexual

relationship with a grown man, he was a "compliant victim," and

did not become aware that he had suffered adverse psychological

and emotional effects from the encounter with the defendant

until 2012.  (S.M. Compl. ¶ 21.)  Doe alleges that "he [was not]

able to make a causal connection between his injuries and the

sexual acts . . . until 2012[,]" and "could not reasonably be

expected to know that he had been injured and that [the

defendant] had caused his injuries until calendar year 2012."
(S.M. Compl. ¶ 22.)

<u>Cecil Singleton</u>

Cecil Singleton is a New York resident who was born in
1988.  (Singleton Am. Compl. ¶ 1.)  In or about 2003, when
Singleton was fifteen years old, the defendant began
communicating with Singleton on a gay telephone chat line.
(Singleton Am. Compl. ¶ 9.)  The defendant persuaded Singleton
to meet him for sexual encounters and the two engaged in sexual
activity on numerous occasions over a number of years.
(Singleton Am. Compl. ¶¶ 9-10.)  Singleton turned eighteen in
2006.  (Singleton Am. Compl. ¶ 1.)

On November 20, 2012, nine years after the alleged conduct
began and six years after the defendant turned eighteen,[1]
Singleton filed a complaint against the defendant.  (Singleton
Am. Compl. at 4.)  The complaint alleges that the defendant's
conduct in or about 2003 violated 18 U.S.C. § 2422, and this
violation gave rise to a claim under 18 U.S.C. § 2255.
(Singleton Am. Compl. at 3-4.)  In language nearly identical to

---

[1] Singleton's amended complaint alleges that the sexual
encounters continued for a number of years but does not provide
any dates for the last sexual encounter.  Because the statutes
penalize sexual activity with a minor, the last possible date
that the defendant could have violated the statute is the day
before Singleton's eighteenth birthday in 2006, six years before
the complaint was filed.  Singleton concedes that he turned
eighteen in May 2006, more than six years before he filed his
complaint.  (Hr'g Tr. 11, May 30, 2013.)

the language in John Doe's complaint, Singleton alleges that
because he was not emotionally or psychologically prepared for a
sexual relationship with a grown man, he was a "compliant
victim," and did not become aware that he had suffered adverse
psychological and emotional effects from the encounter with the
defendant until 2012.  (Singleton Am. Compl. ¶¶ 15-16.)

<u>Kevin Kiadii</u>

Kevin Kiadii is a resident of New York who was born in
1987.  (Kiadii Compl. ¶¶ 1, 8.)  In 2004, when Kiadii was
sixteen years old, the defendant initiated contact with Kiadii
on a gay chat line and invited Kiadii to come to his apartment
in Manhattan.  (Kiadii Compl. ¶¶ 9-10.)  Kiadii accepted the
invitation and Kiadii and the defendant engaged in sexual acts
in the defendant's apartment.  (Kiadii Compl. ¶ 10.)  Kiadii
turned 18 in 2005.

On April 2, 2013, nine years after the alleged conduct
began and eight years after the defendant turned eighteen,
Kiadii filed a complaint against the defendant.  The complaint
alleges that the defendant's conduct in or about 2004 violated
18 U.S.C. § 2422, and this violation gave rise to a claim under
18 U.S.C. § 2255.  (Kiadii Compl. at 3-4.)  In language nearly
identical to the language in John Doe's and Cecil Singelton's
complaints, Kiadii alleges that because he was not emotionally
or psychologically prepared for a sexual relationship with a

grown man, he was a "compliant victim," and did not become aware
that he had suffered adverse psychological and emotional effects
from the encounter with the defendant until 2012.  (Kiadii
Compl. ¶¶ 15-16.)[2]

On March 1, 2013, the defendant filed a motion to dismiss
all three complaints pursuant to Rule 12(b)(6) of the Federal
Rules of Civil Procedure on the ground that the claims are time-
barred.[3]  The motion to dismiss has been fully briefed and argued
before the Court.


### III.

The plaintiffs assert claims under 18 U.S.C. § 2255
("Section 2255").  Section 2255 was enacted as part of The Child
Abuse Victims' Rights Act of 1986 on October 18, 1986. Pub. L.
No. 99-500, 100 Stat. 1783-39 (1986).  "[Section 2255] expanded
the scope of the Protection of Children Against Sexual
Exploitation Act of 1977, Pub. L. 95-225, 92 Stat. 7 (1978), to
provide a civil remedy for personal injuries suffered by victims

---

[2] A fourth complaint filed against Clash was voluntarily
dismissed on April 15, 2013.  See Stipulation & Order, D.O. v.
Clash, 12 Civ. 8578 (S.D.N.Y. Apr. 15, 2013); Compl., D.O. v.
Clash, 12 Civ. 8578 (S.D.N.Y. Nov. 27, 2012).
[3] The motion to dismiss was originally filed against S.M., D.O.,
and Singleton.  However, after the Kiadii complaint was filed,
the parties agreed that the motion to dismiss would apply to the
Kiadii complaint as well.

of child sexual exploitation." <u>Smith v. Husband</u>, 376 F. Supp.

2d 603, 611 (E.D. Va. 2005).  Section 2255(a) provides:

> Any person who, while a minor, was a victim of a
> violation of section . . . 2422, or 2423 of this title
> and who suffers personal injury as a result of such
> violation, . . . may sue in any appropriate United
> States District Court and shall recover the actual
> damages such person sustains and the cost of the suit,
> including a reasonable attorney's fee.  Any person as
> described in the preceding sentence shall be deemed to
> have sustained damages of no less than $ 150,000 in
> value.

18 U.S.C. § 2255(a).  "[I]n order to be subject to liability

under Section 2255, a defendant must be proven to have violated

at least one of the criminal statutes listed in Section 2255 by

a preponderance of the evidence." <u>Doe v. Liberatore</u>, 478 F.

Supp. 2d 742, 755 (M.D. Pa. 2007) (citing <u>Husband</u>, 376 F. Supp.

2d at 613).

The plaintiffs claim violations of Section 2255(a) premised

on underlying violations of sections 2422 and 2423.[4]  Section

2422 provides in relevant part:

> (b) Whoever, using the mail or any facility or means
> of interstate or foreign commerce . . . knowingly
> persuades, induces, entices, or coerces any individual
> who has not attained the age of 18 years, to engage in
> . . . any sexual activity for which any person can be
> charged with a criminal offense, or attempts to do so,
> shall be fined under this title and imprisoned not
> less than 10 years or for life.

---

[4]  Kiadii and Singleton only allege claims under section 2422.
(<u>See</u> Kiadii Compl. at 3-4; Singleton Am. Compl. at 3-4.)  Doe
alleges claims under both § 2422 and § 2423.  (S.M. Compl. at 5-
6.)

18 U.S.C. § 2422(b).  Section 2423 provides in relevant part:

> (a) Transportation with intent to engage in criminal sexual activity. A person who knowingly transports an individual who has not attained the age of 18 years in interstate or foreign commerce . . . with intent that the individual engage in . . . any sexual activity for which any person can be charged with a criminal offense, shall be fined under this title and imprisoned not less than 10 years or for life.

Id. § 2423(a).

The defendant has moved to dismiss all of the plaintiffs' claims as time-barred under the statute of limitations.  Prior to March 7, 2013,[5] section 2255(b), the statute of limitations for section 2255(a), provided:

> Any action commenced under this section shall be barred unless the complaint is filed within six years after the right of action first accrues or in the case of a person under a legal disability, not later than three years after the disability.

18 U.S.C. § 2255(b) (2006).

The parties agree that a plaintiff has six years after the cause of action accrues, or three years after the plaintiff turns twenty-one, whichever is longer, to file suit.[6]  See Doe v. Schneider, 667 F. Supp. 2d 524, 530 (E.D. Pa. 2009); Husband, 376 F. Supp. 2d at 616 (holding claim not time-barred when underlying statutory violation occurred within six years of the suit although the plaintiff turned twenty-one three years after

---

[5] The statute was amended in 2013 to extend the statute of limitations.  However, as addressed below, the amendment was not retroactive and is inapplicable to this case.
[6] (Hr'g Tr. 12-13.)

the violation).  The defendant argues that because none of the
alleged underlying violations of sections 2422 and 2423 occurred
within the limitations period, the plaintiffs' claims under
Section 2255 are barred.  The plaintiffs allege that a discovery
rule should apply, and that under their interpretation of the
discovery rule the statute of limitations was tolled until 2012,
when the plaintiffs allegedly became aware of the connection
between their injuries and the defendant's conduct.

### 1.

The threshold inquiry is whether a discovery rule applies
to claims brought under Section 2255.  The plaintiffs argue that
because the statute is silent, the discovery rule applies.  The
defendant argues that the discovery rule is inapplicable.  The
text of Section 2255 counsels against implying any discovery
rule.  The statute specifically provides that the complaint must
be filed within six years "after the right of action first
accrues" or three years after a minor turns twenty-one,
whichever is later.  The statute is directed solely to when the
claim accrues, not when it is discovered.

"In common parlance a right accrues when it comes into
existence . . . ."  Gabelli v. SEC, 133 S. Ct. 1216, 1220 (2013)
(quoting United States v. Lindsay, 346 U. S. 568, (1954)).
"Thus the 'standard rule' is that a claim accrues 'when the

plaintiff has a complete and present cause of action.'"   Id. (quoting Wallace v. Kato, 549 U. S. 384, 388, (2007) (internal quotation marks omitted)).   The "complete and present cause of action" definition of accrual fosters "the basic policies of all limitations provisions: repose, elimination of stale claims, and certainty about a plaintiff's opportunity for recovery and a defendant's potential liabilities."   Id. (quoting Rotella v. Wood, 528 U. S. 549, (2000)).   "Statutes of limitations are intended to 'promote justice by preventing surprises through the revival of claims that have been allowed to slumber until evidence has been lost, memories have faded, and witnesses have disappeared.'"   Id. (quoting Railroad Telegraphers v. Railway Express Agency, Inc., 321 U. S. 342, 348-49 (1944)).   The Supreme Court has emphasized that "the cases in which a 'statute of limitations may be suspended by causes not mentioned in the statute itself . . . are very limited in character, and are to be admitted with great caution; otherwise the court would make the law instead of administering it.'"   Id. at 1224 (quoting Amy v. Watertown (No. 2), 130 U.S. 320, 324 (1889)).

In contrast to the standard rule, the discovery rule provides that "accrual is delayed 'until the plaintiff has 'discovered' his cause of action."   Id. (quoting Merck & Co. v. Reynolds, 130 S. Ct. 1784, 1798 (2010)).   The Supreme Court recently explained that the discovery rule is "an exception to

the general limitations rule that a cause of action accrues once a plaintiff has a 'complete and present cause of action.'" Merck, 130 S. Ct. at 1793  (quoting Bay Area Laundry and Dry Cleaning Pension Trust Fund v. Ferbar Corp. of Cal., 522 U.S. 192, 201 (1997)).  However, the Supreme Court has also noted that although "lower '[f]ederal courts . . . generally apply a discovery accrual rule when a statute is silent on the issue[,]'" the Court "[has] not adopted that position." TRW Inc. v. Andrews, 534 U.S. 19, 27 (2001) (quoting Rotella, 528 U.S. at 555).  The Supreme Court has "never endorsed the . . . view that Congress can convey its refusal to adopt a discovery rule only by explicit command," and other than in cases of fraud or concealment, it has recognized a discovery rule only in two contexts, latent disease and medical malpractice, "where the cry for such a rule is loudest." Id. at 27-28 (internal quotation marks and alteration omitted).

Rather than being silent, the plain text of Section 2255 evidences congressional intent that the discovery rule should not apply.  In TRW, the Court held that Congress can "convey its refusal to adopt a discovery rule . . . by implication from the structure or text of the particular statute." Id. Specifically, "[w]here congress explicitly enumerates certain exceptions to the general prohibition, additional exceptions are not to be implied, in the absence of evidence of a contrary

legislative intent." Id. (internal quotation marks and citation omitted).  Section 2255(b) includes an express exception to the six year statute of limitations for those persons under a legal disability when the cause of action first accrues.  The exception extends the statute of limitations to three years after the disability ends, regardless of when the violation occurred, an explicit expansion of the six year limitations period.  Moreover, this exception is plainly crafted to afford minors at least three years after attaining the age of eighteen to contemplate whether they choose to sue for conduct committed against them while they were minors.  This exception counsels against implying an additional discovery rule into the statute. See id. at 27-29.

The only case to address accrual under Section 2255 held that a claim is only timely under Section 2255 if the "[p]laintiff can show that [the] [d]efendant violated any of the listed statutes [in Section 2255] within six years of the filing of [the] Complaint . . . ." Husband, 376 F. Supp. 2d at 614. However, the case did not specifically address the discovery rule because the plaintiff alleged that the last date on which the underlying statutes were violated was within six years of the date she first filed a complaint against the defendant.  Id.

at 614.[7]  Therefore, Husband provides limited guidance on the application of the discovery rule.

Congress's failure to include language providing for the discovery rule counsels against implying it into the statute. Congress could have used language, as it has in other statutes of limitations, to indicate that the discovery rule should apply.  See, e.g., 28 U.S.C. § 1658(b) ("a private right of action that involves a claim of fraud, deceit, manipulation, or contrivance in contravention of a regulatory requirement concerning the securities laws . . . may be brought not later than the earlier of . . . (1) 2 years after the discovery of the facts constituting the violation . . . or (2) 5 years after such violation."); 18 U.S.C. § 2520(e) ("two years after the date upon which the claimant first has a reasonable opportunity to discover the violation."); 28 U.S.C. § 2409a(g) "[a]ny civil action under this section . . . shall be barred unless it is commenced within twelve years of the date upon which it accrued. Such action shall be deemed to have accrued on the date the

---

[7] The plaintiffs argue that the district court in Husband applied the discovery rule because the opinion at one point declares, "[u]nder general principles of federal law, a plaintiff's cause of action first accrues when she possesses sufficient facts about the harm done to her that a reasonable inquiry would reveal the cause of action." Id. at 613 (citing two cases, one applying the discovery rule and one applying the traditional accrual rule). However, the district court in Husband held that a claim was only timely if the violation of Section 2255 occurred within the limitations period. Id. at 616. The opinion never mentions the discovery rule.

14

plaintiff or his predecessor in interest knew or should have
known of the claim of the United States."); TRW, 534 U.S. at
452-53 (Scalia, J., concurring) (listing statutes that contain
express discovery rule provisions); see also Guy v. Lexington-
Fayette Urban County Gov't, 488 F. App'x 9, 15 (6th Cir. 2012)
(rejecting discovery rule in sexual abuse case under state law
when state legislature was silent because "[u]nlike an injury in
an asbestos case or certain medical-malpractice cases,
plaintiffs' injury was immediately apparent and not latent.").

Congress appreciated that it was dealing with injuries to
minors and could have adopted language similar to that in state
sexual abuse statutes which expressly provide for the discovery
rule. See, e.g., Arnold v. AMTRAK, 13 F. App'x 573, 576 (9th
Cir. 2001) (explaining that under a Washington statute, "the
limitations period only begins to run . . . . on the date the
victim discovers the nexus between the act and the claimed
injury") (internal quotation marks and citation omitted); Doe v.
Archdiocese of Portland, No. 08 Civ. 691, 2010 U.S. Dist. LEXIS
61260, at *7-12 (D. Or. June 16, 2010) (discussing Oregon
discovery rule for sexual abuse victims); R.L. v. Voytac, 971
A.2d 1074, 1081 (N.J. 2009) (statute for sexual abuse victims
provides that "the cause of action shall accrue at the time of
reasonable discovery of the injury and its causal relationship
to the act of sexual abuse" and that the "action shall be

brought . . . within two years after reasonable discovery."). In sum, Congress provided an exception to the six year prohibition for plaintiffs under a legal disability and provided that such minors would have an additional three years to bring a claim after they turned eighteen.  This exception, combined with Congress's failure to adopt a discovery rule in the face of statutes with explicit discovery rules and state sexual abuse statutes providing for application of a discovery rule, indicate that Congress did not provide for a discovery rule under Section 2255, and none should be implied.

     Without the discovery rule, the plaintiffs concede that the claims are all time-barred.  (Hr'g Tr. 18-19.)  The complaints in these cases were filed more than six years after the defendant's conduct with each plaintiff ended and more than three years after each plaintiff reached the age of majority.[8] Because Section 2255 does not incorporate a discovery rule, the plaintiffs' claims are time-barred and must be dismissed.


                              **2.**

     For purposes of completeness, it should also be noted that the plaintiffs' claims would also be time-barred under any reasonable construction of the discovery rule.

---

[8] Singleton's claim expired in 2009, Doe's claim expired anywhere from 2000 to 2002, and Kiadii's claim became time-barred at some point from 2008 to 2010.

The discovery rule provides that "[t]he clock begins to run when the plaintiff has 'inquiry notice' of his injury, namely when he discovers or reasonably should have discovered the . . . injury." Koch v. Christies' Int'l PLC, 699 F.3d 141, 148 (2d Cir. 2012) (explaining the federal discovery rule in the context of a RICO claim) (internal quotation marks, citation, and alteration omitted). "[D]iscovery of the injury, not discovery of the other elements of a claim, is what starts the clock." Rotella, 528 U.S. at 555. Under the discovery rule, a claim accrues when a plaintiff comes into possession of the "critical facts that he has been hurt and who inflicted the injury." Id. at 556 (quoting United States v. Kubrick, 444 U.S. 111, 122 (1979)); see also Kubrick, 444 U.S. at 123 (plaintiff "armed with the facts about the harm done to him, can protect himself by seeking advice in the medical and legal community.  To excuse him from promptly doing so by postponing the accrual of his claim would undermine the purpose of the limitations statute"); A.Q.C. ex rel Castilla v. United States, 656 F.3d 135, 140 (2d Cir. 2011) ("A claim accrues 'when the plaintiff knows, or should know, enough 'to protect himself by seeking legal advice.'") (internal quotation marks and citations omitted)). Taking the plaintiffs' allegations as true, the plaintiffs had knowledge of the "critical facts" when the violations of the statute occurred.

17

The plaintiffs' complaints indicate that their claims accrued at the time the defendant violated sections 2422 and 2423. A person may sue under Section 2255 if the person "while a minor, was a victim of a violation of section . . . 2422, or 2423" and "suffers personal injury as a result of such violation." 18 U.S.C. § 2255(a). Any such person "shall be deemed to have sustained damages of no less than $150,000 in value." Id. Under the discovery rule, the inquiry is when the plaintiff knew or reasonably should have known of the "injury." Koch, 699 F.3d at 148. The plaintiffs concede that the statutory violations occurred outside of the limitations period. (Hr'g Tr. 18-19.)

The plaintiffs suffered their personal injuries under the statute at the time they became victims under sections 2422 and 2423. "[Section 2255] does not create one category of victims and another category of people who suffer personal injuries." Doe v. Boland, 698 F.3d 877, 881 (6th Cir. 2012). "A victim by definition is someone who suffers an injury." See id. (interpreting "victim" and "personal injury" under Section 2255); see also id. at 882 (citing Webster's Second Int'l Dictionary 2841 (1953) (defining victim as "[a] person or living creature injured . . . at the hands of another person."); Oxford English Dictionary Online (3d ed. 2012) (defining victim as "[o]ne who suffers some injury, hardship, or loss.")). "[T]he

18

plaintiffs became victims of [the defendant's] conduct at the same time that they suffered injuries," namely the moment the defendant violated sections 2422 and 2423 with each plaintiff. See id. at 881.[9]  Based on the factual allegations in the complaints, the plaintiffs were aware of sufficient facts immediately following their victimization by the defendant to state claims under Section 2255.  They were aware of the facts that, while minors, the defendant had engaged in sexual activities with them in violation of one or more federal statutes.  The dates on which the plaintiffs connected their psychological injuries to their victimizations are irrelevant to the dates on which their claims accrued under Section 2255. See, e.g., Doe v. Royal Caribbean Cruises, Ltd., 860 F. Supp. 2d 1337, 1343-44 (S.D. Fla. 2012) (explaining that Section 2255 imposes strict liability upon those meeting its prerequisites).

Furthermore, the plaintiffs allege in their complaints that "as a direct and proximate result of engaging in sexual activity with [the defendant] . . . [the plaintiffs] suffered severe injuries, including but not limited to mental, psychological and emotional trauma.  (Kiadii Compl. ¶ 14; S.M. Compl. ¶ 20;

---

[9]  It is possible under Section 2255 that a person could have been a victim as a minor and suffered personal injuries later in life.  See Boland, 698 F.3d at 881 (explaining that it can be one violation of Section 2255 to create child pornography, and a second violation of Section 2255 to distribute the same child pornography many years later).  However, there is no allegation of a "second injury" in this case.

Singleton Am. Compl. ¶ 14.)  Therefore, the plaintiffs'
complaints allege injuries at the time of their victimization
and the claims accrued at those times.  Although the plaintiffs
allege that accrual was delayed until 2012 when they "bec[a]me
aware of [their] injuries" and made a "causal connection between
[their] injuries and the sexual acts of [the defendant]" (Kiadii
Compl. ¶ 16; S.M. Compl. ¶ 22; Singleton Am. Compl. ¶ 16), these
allegations are insufficient to delay accrual under the
discovery rule.  The discovery rule provides that a cause of
action accrues when a plaintiff "reasonably should have
discovered the . . . injury." Koch, 699 F.3d at 148 (citation
omitted).  The test embodies an objective standard. See
Armstrong v. McAlpin, 699 F.2d 79, 88 (2d Cir. 1983) ("The test
as to when fraud should with reasonable diligence have been
discovered is an objective one.") (citation omitted).  The
complaints demonstrate, objectively, that the plaintiffs were
injured when they became the defendant's victims.  In contrast,
the plaintiffs' argument for delayed accrual based on a
"connection" between their injuries and the defendant's conduct
is wholly subjective.  While the plaintiffs may not have
recognized the extent of their injuries, they were aware of the
defendant's conduct towards them and could have brought claims.
The plaintiffs' "injuries" for the purpose of accrual under

Section 2255 were their victimizations by the defendant, not their appreciation of the subsequent psychological harm.

Moreover, although no other case has considered the discovery rule under Section 2255, many courts have considered the discovery rule in the context of sexual abuse and have similarly refused to delay accrual based on allegations of a recently made "connection" between the abuse and the plaintiffs' injuries. See, e.g., Doe v. St. Stephen's Episcopal Sch., 382 F. App'x 386, 388 (5th Cir. 2010) (per curiam) ("To bring a suit, it is not necessary for the victim to connect the abuse to any subsequent psychological injuries or understand the full extent of his injuries."); S.V. v. R.V., 933 S.W.2d 1, 20 (Tex. 1996) ("A few states have refused to apply the discovery rule when the plaintiff did not repress memories of the abuse when it occurred, but did not realize that the abuse was injurious, or did not appreciate the extent of injury, or could not take action because of the psychological effects of the abuse, or simply waited.") (collecting cases); Doe v. R.D., 417 S.E.2d 541, 542 (S.C. 1992); DeRose v. Carswell, 242 Cal. Rptr. 368 (Ct. App. 1987) (superseded by Cal. Civ. Proc. Code Section 340.1 (Deering 1990)); see also O'Neal v. Div. of Family Servs., 821 P.2d 1139, 1144 (Utah 1991) (rejecting application of discovery rule to abuse victim who was aware of the abuse but not aware of the injuries because the plaintiff failed to

satisfy "a prerequisite to any application of the discovery rule--ignorance . . . of the facts giving rise to the cause of action"); Raymond v. Ingram, 737 P.2d 314, 316-17 (Wash. 1987) (rejecting application of discovery rule and holding "[i]t does not matter that [the plaintiff] had not discovered the causal connection to all her injures, because when [she] reached the age of majority she knew that she had substantial damages associated with the sexual abuse."), superseded by statute as stated in C.J.C. v. Corp. of Catholic Bishop of Yakima, 985 P.2d 262, 269 (Wash. 1999).  In this case, the plaintiffs were aware of all of the facts necessary to state a cause of action under Section 2255.

The plaintiffs have no support for their theory that a claim under Section 2255 should not accrue until the plaintiffs connected their injuries to the defendant's conduct.[10]  The plaintiffs' theory would allow Section 2255 claims decades

---

[10] The plaintiffs also argue that because the plaintiffs suffered no injury before 2012, it would be a complete defense to a Section 2255 claim that a plaintiff suffered no actual damages, and therefore was not injured.  However, even if the plaintiffs did not become aware of any monetary injuries, Section 2255 presumes damages of $150,000.  See Boland, 698 F.3d at 882 ("The point of [the Section 2255] minimum-damages requirement is to allow victims of child pornography to recover without having to endure potentially damaging damages hearings.").  All a plaintiff must show is that "[he or] she was the victim of a sex crime . . . ."  Id.  Therefore, the plaintiffs have had complete and valid claims under Section 2255 from the time the defendant violated sections 2422 and 2423 with each of them.

beyond when the violation accrued.  See, e.g., Rotella, 528 U.S. at 553-55 (rejecting "injury and pattern discovery rule" in RICO cases because, in part, it would "extend the potential limitations period . . . well beyond the time when a plaintiff's cause of action is complete.").  The plaintiffs were aware that the defendant had engaged in sexual activities with them when the events took place.

The cases the plaintiffs rely upon do not help their position.  See, e.g., United States v. Kubrick, 444 U.S. 111 (1979); Urie v. Thompson, 337 U.S. 163 (1949); White v. Mercury Marine, 129 F.3d 1428, 1431 (11th Cir. 1997).  In Kubrick, the Supreme Court held in the context of a medical malpractice claim under the Federal Tort Claims Act that it was discovery of the injury and its cause, and not discovery of the other elements of a claim, which govern accrual under the discovery rule.  444 U.S. at 122 ("[F]or a plaintiff in possession of the critical facts that he has been hurt and who has inflicted the injury . . . . [t]here are others who can tell him if he has been wronged, and he need only ask.").  In Urie, the Court held under the Federal Employers' Liability Act, a plaintiff's cause of action accrued when he became aware of a latent disease resulting from prolonged exposure to silica dust, not when the exposure itself occurred.  337 U.S. at 169-71.  Neither case deals with the issues presented in this case.  Here, the

23

plaintiffs knew of their injuries, namely their victimization
under the statute, and its cause, namely the defendant.
Therefore, the claims accrued at that time.[11]  Had the plaintiffs
approached an attorney at that time, they could have brought
claims.

The plaintiffs also argue that Congress intended to allow
plaintiffs to bring claims based on a delayed "connection to the
injury" theory because Congress amended Section 2255 in 2006 to
clarify that Section 2255 is available "regardless of whether
the injury occurred while such person was a minor . . . ."  Pub.
L. 109-248, 120 Stat. 650.  However, legislative history
indicates that the clause was added to account for situations in
which violations that first occurred when a plaintiff was a
minor were re-perpetrated after a plaintiff reached adulthood.
See Sexual Exploitation of Children over the Internet: What
Parents, Kids and Congress Need to Know about Child Predators:
Hearing Before the H. Subcomm. on Oversight & Investigations,

---

[11] In White, the Eleventh Circuit Court of Appeals applied the
discovery rule to a plaintiff's claim that the defendant's
engines caused him hearing loss but found the claim time-barred
under the applicable three year statute of limitations because
the plaintiff knew of both the injury and the cause more than
three years before he filed suit.  129 F.3d at 1435 ("Because it
is undisputed that White knew more than three years before he
filed suit that his loss of hearing was caused by exposure to
the loud engine noise, the district court correctly held that
his lawsuit was barred by the statute of limitations.").  In
this case, the plaintiffs knew that the defendant had engaged in
sexual activity with each of them.

109th Cong. 456-57 (2006).  For example, if a would-be defendant downloaded child pornography that is twenty years old, the "child" who is no longer a minor may bring a claim under Section 2255 based upon this new violation by the would-be defendant. See id.; Boland, 698 F.3d at 881 ("A child abused through a pornographic video might have one § 2255 claim against the video's creator as soon as it is produced and another against the distributor who sells a copy of the video twenty years later.").  The language the plaintiffs rely upon is unrelated to delaying accrual under the statute of limitations.[12]

Because each of the plaintiffs' complaints was filed more than six years after each plaintiff reasonably should have become aware of the defendant's alleged violations of sections 2422 and 2423 upon which their Section 2255 claims are predicated, and more than three years after each plaintiff turned eighteen, the claims are time-barred.

### 3.

The final issue is whether the recent amendment to the statute of limitations in Section 2255 resuscitates any of the plaintiffs' stale claims.  On March 7, 2013, as part of the

---

[12] Moreover, because the statute of limitations is set out in full in section 2255(b), it would make no sense for Congress to create an exception to the statute of limitations by adding language to section 2255(a).

Violence Against Women Reauthorization Act of 2013, Section 2255 was amended "by striking 'six years' and inserting '10 years[.]'" Pub. L. No. 113-4, § 1212, 127 Stat. 54 (2013). Therefore, as of March 7, 2013, the statute of limitations was amended to provide:

> Any action commenced under this section shall be barred unless the complaint is filed within <u>10 years</u> after the right of action first accrues or in the case of a person under a legal disability, not later than three years after the disability.

18 U.S.C. § 2255(b) (emphasis added).[13]  At the Court's request, the parties submitted additional briefing addressing whether the 2013 amendment affects the outcome of this motion.

When claims have expired under an effective statute of limitations, an amendment extending the statute of limitations will not be applied retroactively to revive stale claims unless it is the clear intent of Congress to revive such claims.  <u>See</u> <u>In re Enterprise Mortg. Acceptance Co., LLC, Sec. Litig.</u> ("<u>Enterprise</u>"), 391 F. 3d 401, 407-10 (2d Cir. 2005).  In <u>Enterprise</u>, the Court of Appeals for the Second Circuit held that "the resurrection of previously time-barred claims has an impermissible retroactive effect" and that the Sarbanes-Oxley

---

[13] The complaints in <u>S.M.</u> and <u>Singleton</u> were filed prior to the amendment.  The complaint in <u>Kiadii</u> was filed after the amendment.  However, because all three claims were time-barred prior to the amendment, the time of their filing is irrelevant. The amendment is not retroactive and therefore the amendment does not revive claims that had already expired prior to its effective date.

statute, which was at issue in that case, did not revive previously expired securities fraud claims because there was no unambiguous congressional intent that the statute should apply retroactively.  Id. at 406-10 (relying in part on Landgraf v. USI Film Prods., 511 U.S. 244 (1994)).  In this case, Section 2255 is silent as to retroactivity and there is no evidence of congressional intent for the recent amendment to Section 2255 to apply retroactively to revive claims that were barred under the prior statute of limitations.  Therefore, the amendment should not be applied retroactively to revive any of the plaintiffs' expired claims.  Id. at 407-10.

The plaintiffs' supplemental memorandum does not argue that the amendment should apply retroactively.  Instead, the plaintiffs argue that retroactivity is irrelevant because accrual was delayed under the discovery rule.  As discussed above, the discovery rule does not save the plaintiffs' claims. Therefore, because the discovery rule does not delay accrual, and because the 2013 amendment to Section 2255 did not revive the time-barred claims, the plaintiffs' claims are time-barred and the complaints are dismissed.

**CONCLUSION**

The Court has considered all of the arguments of the parties. To the extent not specifically addressed above, the remaining arguments are either moot or without merit. For the reasons explained above, the defendant's motion to dismiss is **granted. The Clerk is directed to enter judgment and to close these cases. The Clerk is directed to close all pending motions.**

SO ORDERED.

Dated:    New York, New York
          June 28, 2013              _____/s/_____
                                          John G. Koeltl
                                   United States District Judge